STATE OF NORTH CAROLINA

WAKE COUNTY

FILE NO. _____

In The General Court of Justice
District Court Division

| | |
|---|---|
| Tigress McDaniel, Plaintiff | |
| VERSUS | COMPLAINT |
| Green Dot Corporation, Green Dot Bank, Fingerhut, Bluestem Sales, Inc., Experian Data Corp., Experian Services Corp., TransUnion Data Solutions LLC, TransUnion LLC, Equifax Information Services LLC and Does, Defendant(s) | |

NOW COMES Plaintiff, and complains as follows:

### A. JURISDICTION

Jurisdiction is proper in this court according to:

1. Violations of Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et sequel,

   *§ 618. Jurisdiction of courts; limitation of actions [15 U.S.C. § 1681p]*

   *An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.*

2. Gross and Vicarious Negligence under North Carolina General Statutes and all other applicable law;

### B. PARTIES

3. The Plaintiff, Tigress Sydney Acute McDaniel born December 5, 1976, is a resident of Mecklenburg County, Charlotte, North Carolina.

1

4. Defendants, Green Dot Corporation and Green Dot Bank (hereinafter "Green Dot"), is a for profit corporation, incorporated in the State of California, and having foreign status to operate in various states of the United States of America. Pursuant to FCRA, Defendant is a furnisher of information.

5. Defendants, Fingerhut and Bluestem Sales Inc., (hereinafter "Fingerhut"), is a for profit corporation, incorporated in the State of Minnesota, and having foreign status to operate in various states of the United States of America. Defendant is the only or otherwise the monopolistic major or primary insurance credit reporting agency in the United States of America. Pursuant to FCRA, Defendant is a furnisher of information.

6. Defendants, WebBank, the financial institution that secures Fingerhut credit accounts like that at issue in this case, (hereinafter "WebBank" as an inseparable party together with Fingerhut), is a for profit corporation, incorporated in the State of Utah, and having foreign status to operate in various states of the United States of America. Pursuant to FCRA, Defendant is a furnisher of information.

7. The Defendant, Experian Data Corp. and Experian Services Corp. and Does (hereinafter "Experian"), is a for profit corporation, incorporated in the State of California, and having foreign status to operate in various states of the United States of America. Defendant conducts substantial commercial business activity in all states and territories of the United States of America. Pursuant to FCRA, Defendant is a Credit Reporting Agency (hereinafter "CRA").

8. The Defendant, TransUnion Data Solutions LLC, TransUnion LLC and Does, (hereinafter "TransUnion"), is a for profit corporation, incorporated in the State of Illinois, and having foreign status to operate in various states of the United States of

2

Case 5:23-cv-00406-D-RN   Document 1-1   Filed 07/26/23   Page 2 of 18

America. Defendant conducts substantial commercial business activity in all states and territories of the United States of America. Pursuant to FCRA, Defendant is a CRA.

9. The Defendant, Equifax Information Services LLC and Does (hereinafter "Equifax"), is a for profit corporation incorporated in the State of Georgia, and having foreign status to operate in various states of the United States of America. Defendant conducts substantial commercial business activity in all states and territories of the United States of America. Pursuant to FCRA, Defendant is a CRA.

## C. NATURE OF CASE AND FACTUAL ALLEGATIONS

NOW COMES Plaintiff, complaining of the Defendants, alleges and says:

10. Plaintiff is a resident of Mecklenburg County, North Carolina, and is of legal age and under no legal disability, and further qualifies as reasonable prudent person.
11. Defendants are all entities registered with the Secretary of State for either or both their respective states of incorporation and principal office and the State of North Carolina, and operate a principal office or otherwise operate regular substantial commercial business activity under their respective entity names, albeit doing business as fictitious entity names, non-exclusively in Mecklenburg County, North Carolina.
12. All torts and relevant unlawful acts asserted in this complaint occurred in Mecklenburg County, North Carolina and the United States of America.

## D. CAUSE OF ACTION

Plaintiff, *pro se*, proceeding upon my Complaint as an indigent party, alleges that her rights under the FCRA and state laws prohibiting negligence, albeit simple, gross or *per se*, have been violated and that the following facts form the basis for her allegations:

3

**13.** Regarding Defendant Green Dot,

   a. On or about October 11, 2018, Plaintiff did apply for and was approved for Green Dot's credit card account, for which the credit line was $200.00.

   b. Upon receipt of the physical credit card, Plaintiff read the terms and conditions that were included in the mailing, and discovered that they were not consistent with those disclosed when she applied. In disagreement, and to demonstrate unequivocal revocation of credit application and refuse acceptance of account and the apparently new terms, Plaintiff cut physical car in half and, without delay, returned by mail with a letter detailing the revocation.

   c. Plaintiff not ever used nor even activated the credit card account.

   d. On or about February 4, 2019, Plaintiff received correspondence from Green Dot confirming that account was closed on January 28, 2019. However, Green Dot purported that a balance of $288.28 remained.

   e. Plaintiff disputed the balance, but to no avail. Finally, on or about 2021, Plaintiff received correspondence from Green Dot purporting that the new balance owed was $88.00, and further, refusing to adjust the balance to zero.

   f. Green Dot have negligently failed to properly acknowledge and process Plaintiff's revocation of the credit card application and account.

   g. Green Dot have failed to adjust the erred balance to zero, and provide confirmation of the same, including the finality of the matter.

   h. In 2021, Green Dot willfully, and alternatively, negligently reported the account as bad debt to Equifax, Experian and TransUnion credit bureaus, which

negatively impacted Plaintiff credit standing. The falsely reported bad debt still appears to date on Plaintiff's Equifax, TransUnion and Experian credit reports.

i. Green Dot have willfully, and alternatively, negligently failed to remove the bad debt, which has now remained unchanged, even after receiving the correspondence stated in paragraph "e."

j. Green Dot's willful noncompliance, and alternatively, negligent noncompliance, with FCRA are proximate cause for Plaintiffs' injuries.

k. Green Dot's noncompliance violates FCRA, and thus constitutes negligence *per se*.

l. Green Dot have committed gross negligence in concealing their conduct, and thus subserved an advantage at Plaintiff's expense.

m. Green Dot have committed gross negligence in reporting bad debt that they expressly knew was not factual.

n. Green Dot's gross negligence is proximate cause for Plaintiffs' injuries, including but not limited a significant decrease in credit score.

o. Green Dot is expressly or otherwise reasonably aware that Plaintiff would and has suffered harm, including but not limited denial of credit or loans, lower credit score, and higher interest rates on loans.

14. Regarding Defendant Fingerhut and parent company and principal, Bluestem Sales, Inc., and WebBank which supports the Fingerhut credit account, collectively denoted as Fingerhut for the sake of abbreviation and clarity,

   a. On or about November 26, 2015, Plaintiff did apply for and was approved for Fingerhut's credit account, FreshStart Installment Loan Account.

b. On February 20, 2016, Plaintiff placed an order for items and did successfully complete the FreshStart program by making timely payments and satisfying the balance for that order.

c. On February 25, 2016, Fingerhut extended a traditional credit account to Plaintiff, which was then opened. Plaintiff placed orders and satisfied payment for those orders, or otherwise returned items for refund, which were processed in her favor.

d. On April 9, 2016, Plaintiff placed an order for a copper-plated cookware set which totaled $202.98 with shipping, which she later returned for a refund and such was processed in her favor.

e. Plaintiff made timely payments and otherwise satisfactorily maintained the credit account.

f. On June 21, 2016, Plaintiff placed an order for a set of cookware that Fingerhut purported to be an "Unseasoned Cast Iron Cookware Set" (hereinafter "Cast Iron"). The total price with shipping was $202.98.

g. Upon receipt of the purported cast iron cookware set, Plaintiff discovered that the set was not consistent with like products on the market, and immediately requested a return label and requested a refund.

h. Fingerhut refused to provide return label.

i. Plaintiff submitted a Customer Service complaint, which persisted unresolved until January 2017.

j. Finally, on or about February 3, 2017, for relief and remedy from Plaintiff's complaint, Fingerhut issued a return label for the Cast Iron.

k. On or about February 10, 2017, Plaintiff returned the Cast Iron, which Fingerhut did, in fact, receive.

l. On or about February 13, 2017, Plaintiff discovered that Fingerhut had not issued the refund for the returned Cast Iron as agreed in her requests for relief and remedy in her Customer Service complaint. Fingerhut purported that they "don't accept returns for credit after 90 days," which was completely inconsistent with the complaint resolution.

m. On February 14, 2017, Plaintiff escalated her Customer Service complaint and demanded that Fingerhut satisfy the agreement to process the return of the poor quality Cast Iron and refund her account.

n. After repeated inquiry, not until, on or about April 26, 2017, Fingerhut sent correspondence advising:

   *"The item was disposed of and no credit would be issued."*

o. It is considerably unusual that Fingerhut expected to receive the merchandise return and retain the payment for that merchandise, and then dispose of the merchandise and purport no credit would be issued. Such conduct is inconsistent with the terms and conditions of the credit account, and the resolution agreement for Plaintiff's Customer Service complaint. Thus, Fingerhut breached the contract between them, both expressly and impliedly.

p. Plaintiff immediately closed the account altogether, and continued to pursue relief, remedy and resolution.

q. In 2021, Plaintiff discovered that Defendants reported the account as bad debt to the credit bureaus.

r. Plaintiff made additional, innumerable attempts to resolve the matter directly with Fingerhut.

s. On August 6, 2021, in response to Plaintiff's final demand for Defendants to (1) apply the refund to the credit account, (2) remove the falsified bad debt from the credit bureaus, and (3) provide written confirmation, Defendants sent a letter purporting,

> *"According to an account review, Experian and TransUnion are reporting the WebBank/Fingerhut Credit Account ending in 9470 accurately. Equifax is no longer reporting a WebBank/Fingerhut trade line for this account. Additionally, Equifax, Experian, and TransUnion are reporting the WebBank/Fingerhut Installment Loan Account ending in 2892 accurately as Paid and/or Closed with a balance and past due of zero. We cannot revise the information we are reporting to the credit bureaus as we are required to furnish accurate reporting."*

t. Fingerhut purported that the Fingerhut Installment Account, the FreshStart program, reports "paid and closed with a zero balance," and further somehow claim that such information satisfies Plaintiff's demand. Fingerhut failed to address the issue with the traditional credit account opened later that appeared as unpaid and derogatory on Plaintiff's credit reports.

u. To the best of Plaintiff's knowledge, Fingerhut continued to assess interest fees to the balance for Cast Iron, after it was returned and disposed, from February 26, 2017 until July 26, 2017.

v. Fingerhut did commit gross negligence, simple negligence, or alternatively, negligence *per se* when they carried out the conduct detailed herein. Defendants

8

subserved an advantage which resulted in their unjust enrichment, and have knowingly furnished false information to the CRA's in reporting that Plaintiff had/has a derogatory account with Fingerhut, and such reporting has resulted in Plaintiff's injuries, including but not limited to a significant decrease in credit score.

w. Plaintiff's 2021 Equifax, Experian and TransUnion credit reports listed the Fingerhut credit account as derogatory, charged off, and having an unpaid balance of $319.00.

x. Fingerhut has negligently failed to properly acknowledge and process Plaintiff's revocation of the credit card application and account.

y. Fingerhut has failed to adjust the erred balance to zero, and provide confirmation of the same, including the finality of the matter.

z. Fingerhut negligently reported the account as bad debt to the credit bureaus, which negatively impacted Plaintiff credit standing.

aa. Fingerhut has negligently failed to remove the bad debt, which has now remained unchanged, even after receiving the correspondence stated in paragraphs above.

bb. Fingerhut's negligence is proximate cause for Plaintiffs' injuries are the proximate result.

cc. Fingerhut's acts violate FCRA, and thus constitute negligence *per se*.

dd. Fingerhut has committed gross negligence in concealing their conduct, and thus subserved an advantage at Plaintiff's expense.

ee. Fingerhut has committed gross negligence in reporting bad debt that they expressly knew was not factual, and have admitted that they continue to report the knowingly false information.

ff. Plaintiffs' injuries are the proximate result of Defendants' gross negligence.

gg. The falsely reported bad debt still appears to date on Plaintiff's Equifax, Experian and TransUnion reports.

15. Fingerhut is expressly or otherwise reasonably aware that Plaintiff would and has suffered harm, including but not limited denial of credit or loans, lower credit score, and higher interest rates on loans.

16. Regarding Defendants Experian, TransUnion and Equifax,

   a. Experian, TransUnion and Equifax have negligently mishandled Plaintiff's innumerable disputes for all times material hereto, and thus violated FCRA § 611 et seq. in that:

      1. From August 2021 to present, Experian, TransUnion and Equifax have failed to provide full disclosure of Plaintiff's credit reports, and Plaintiff has only had minimal disclosure of her credit reports through third party credit management companies like Credit Karma and Credit Sesame;

      2. From August 2021 to present, Experian, TransUnion and Equifax have failed to acknowledge, accept and properly handle her disputes;

      3. From August 2021 to present, Experian, TransUnion and Equifax failed to conduct a timely reasonable investigation to determine whether the disputed Fingerhut and Green Dot collection accounts were inaccurate and record the current status of the disputed information, and delete those falsified and otherwise inaccurate collection account records from Plaintiff's Equifax, Experian and TransUnion reports;

      4. From August 2021 to present, Experian, TransUnion and Equifax, has either dismissively responded to Plaintiff's correspondence through which she

10

submitted disputes or requests for full disclosure, purporting that her disputes were subject to reinvestigation standards and thus did not warrant reinvestigation because they had been unilaterally determined to be frivolous, or not responded at all.

b. Experian, TransUnion and Equifax have not properly regarded the clear evidence that Plaintiff has submitted to substantiate her disputes which inarguably demonstrate that the information furnished to the CRA's by Defendants Green Dot and Fingerhut is false;

c. Experian, TransUnion and Equifax have willfully, and alternatively, negligently violated the FCRA by continuing to report inaccurate information on Plaintiff's credit report.

d. All Defendants' conduct constitutes a *prima facie* FCRA violation, and thus constitutes negligence *per se*.

e. All Defendants' conduct constitutes actionable negligence *per se*, because

   i. Defendant's conduct violated FCRA 15 U.S.C. §1681 et sequel;
   ii. Plaintiff belongs to the class of persons, a creditor/consumer, the law intended to protect;
   iii. The violation of the law caused the injuries to the Plaintiff the law was trying to prevent;
   iv. And the damages result from the Defendant's breach of the law.

11

## FIRST CAUSE OF ACTION
(Violations of FCRA 15 U.S.C. §1681 et sequel, §616 Civil Liability for Willful Noncompliance, § 617 Civil Liability for Negligent Noncompliance)

17. All Defendants, albeit as CRA or furnisher of information to the CRA, have violated the FCRA, discussed supra, and thus Defendants' conduct constitutes actionable negligence *per se,* because

    i. Defendant's conduct violated FCRA 15 U.S.C. §1681 et sequel;
    ii. Plaintiff belongs to the class of persons, a creditor/consumer, the law intended to protect;
    iii. The violation of the law caused the injuries to the Plaintiff the law was trying to prevent;
    iv. And the damages result from the Defendant's breach of the law.

18. Based on the foregoing claims, all Defendants are liable for willful noncompliance of FCRA, and thus Defendants' conduct constitutes actionable willful noncompliance pursuant to §616;

19. Based on the foregoing claims, all Defendants are liable for, at least, negligent noncompliance of FCRA, in the alternative, and thus Defendants' conduct constitutes actionable negligent noncompliance pursuant to §616;

## SECOND CAUSE OF ACTION
(Gross Negligence)

A *prima facie* case on gross negligence requires a showing that: (1) Defendant(s) owed a duty of care to Plaintiff, (2) Defendants failed to perform such duty, (3) an injury resulted from such failure, and (4) Defendants had knowledge about the potential consequences of such carelessness.

12

20. FCRA creates a duty of care owed by Credit Reporting Agencies and furnishers of information to all foreseeable Plaintiffs, consumers/creditors. Thus, all Defendants owed a duty of care to Plaintiff.

21. All Defendants failed to perform such duty, respectively, discussed supra.

22. Plaintiff did, in fact, suffer harm, resulting from Defendants' failure to perform such duty.

23. All Defendants had knowledge about the potential consequences of such negligence.

24. Defendants Fingerhut and Green Dot did furnish knowingly false information to Defendants Equifax, Experian and TransUnion, which they reasonably knew and even expected that Defendant CRA's would continue to report on Plaintiff's credit reports, which they expressly knew would be reported as derogatory, as they fully intended, which they expressly knew would negatively impact Plaintiff's credit rating and credit worthiness, which they reasonably apprehended to be a legal injury that Plaintiff would experience.

25. Defendants Fingerhut and Green Dot did furnish the false information with malice, fully intending to unmeritedly subject Plaintiff to the injuries to her credit-worthiness that they fully understood would cause her harm, and Plaintiff did factually suffer the injuries that Fingerhut and Green Dot intended. Thus, Green Dot's and Fingerhut's furnishing of false information constitutes gross negligence.

26. Defendants Fingerhut and Green Dot have persisted in regular periodic, generally on a monthly basis, further demonstrating its gross intentionality, falsely reporting information to CRA's with the willful intent to direct CRA to report the false information on Plaintiff's credit report. Thus, Green Dot's and Fingerhut's repetitive and

13

consistent monthly reporting to Equifax, TransUnion and Experian of false information constitutes *prima facie* gross negligence.

27. In continuing to report and list the indisputably falsified bad debt information furnished by Fingerhut and Green Dot, Equifax, Experian and TransUnion have willfully and recklessly disregarded Plaintiff's FCRA rights, and abandoned the legal requirements to which they are enjoined to ensure fair credit reporting.

28. In failing to provide a full disclosure consumer credit report upon Plaintiff's request, Equifax, TransUnion and Experian have engaged gross negligence.

29. In failing to fairly handle Plaintiff's disputes and dismissively concluding Plaintiff's disputes or refusing to conduct a reinvestigation, Equifax, TransUnion and Experian have engaged gross negligence.

30. Under North Carolina law, punitive damages can only apply if there are specific aggravating factors present: fraud, malice, or willful or wanton conduct. Whereby, Plaintiff having substantiated her claims herein, and shown greater weight of evidence that her claims are demonstrably factual as alleged, in that Defendants' noncompliance with FCRA and state laws concerning negligence is willful, and even wantonly so, punitive damages are warranted in this case to relieve and restore Plaintiff from the injuries she has suffered and continues to suffer as the falsified bad debt records remain on her Equifax, Experian and TransUnion credit reports to date.

### D. INJURY, ITEMS OF DAMAGE AND ELEMENTS OF DAMAGE

31. Plaintiffs have suffered the following injuries, including but not limited to:

14

a. Financial losses;

b. Bad credit rating, poor credit score, poor FICO score and adverse decisions for credit-based applications, including but not limited to applications for rental, life insurance, Sallie Mae student loan and even federal student (PLUS) loans, emergency expenses and other personal loans, personal and business credit cards, and mortgage;

c. And adverse decisions for Pandemic Relief SBA7(a) Loan programs;

d. All of which have caused Plaintiff uniquely specific harm, including but not limited to personal economic hardship affecting her minor child as well; corporate economic hardship because she owns the corporation which is her primary source of income; and for unimpeded matriculation in her academic program as sole party having financial responsibility for her tuition.

SPACE LEFT INTENTIONALLY BLANK

## E. PRAYER FOR RELIEF

WHEREFORE, Plaintiff request and otherwise lawfully demands the following forms of relief, albeit legal remedy, and/or equitable remedy by way of specific performance:

a. Immediate adjustment of all accounts balances hereinstated to zero and written confirmation of the same;

b. Immediate removal of the accounts hereinstated from Plaintiff's credit reports maintained by TransUnion, Equifax, Experian, SageStream LLC, LexisNexis, and any and all other relevant reporting agencies;

c. Compensatory damages;

d. Formal letter of apology from all Defendants;

e. Punitive damages pursuant to NC GS § 1D et seq.;

f. And all other forms of relief for Plaintiff deemed appropriate by law.

Submitted on this 31st day of May, 2023,

*[signature]*

Tigress McDaniel, JD
Plaintiff
1235 East Blvd Ste E #793
Charlotte, NC 28203

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the foregoing Original Complaint and Summons have been placed in the custody of the USPS by certified mail to be delivered upon the Defendants, none of whom are domiciled in the state of North Carolina, to satisfy jurisdictional requirements, at the addresses below:

1. Green Dot Corporation dba Green Dot Bank
   c/o Dan Henry
   3465 East Foothill Blvd
   Pasadena, CA 91107

2. WebBank Corporation dba WebBank
   c/o Corporation Service Company, Registered Agent
   15 West South Temple Suite 600
   Salt Lake City, UT 84101

3. Jonathan H. Todt, counsel for WebBank
   1500 K Street NW Suite 1100
   Washington, DC 20005
   Jonathan.todt@faegredrinker.com

4. Bluestem Sales, Inc. dba Fingerhut
   6509 Flying Cloud Drive
   Eden Praire, Minnesota 55344

5. Fingerhut
   6250 Ridgewood Road
   Saint Cloud, MN 56303

6. TransUnion Data Solutions LLC and TransUnion LLC
   Rachel Mantz
   555 West Adams Street
   Chicago, IL 60661

7. Equifax Information Services LLC
   Corporation Service Company, Registered Agent
   2 Sun Court, Suite 400
   Peachtree Corners, GA 30092

8. Experian Data Corp. and Experian Services Corp.
   Craig Boundy
   475 Anton Blvd.
   Costa Mesa, CA 92626

*[signature]*

Tigress McDaniel, JD
Plaintiff
1235 East Blvd Ste E #793
Charlotte, NC 28203

Date: May 31, 2023

18