IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-406-D

| | |
|---|---|
| TIGRESS MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| GREEN DOT CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

On June 1, 2023, Tigress McDaniel, ("McDaniel" or "plaintiff"), filed a complaint in Wake County Superior Court against Green Dot Corporation ("Green Dot"), Green Dot Bank, Fingerhut, Bluestem Sales, Inc. ("Bluestem"), Experian Data Corp. ("Experian Data"), Experian Services Corp. ("Experian Services"), TransUnion Data Solutions LLC ("TransUnion Data"), TransUnion LLC ("TransUnion"), Equifax Information Services ("Equifax"), WebBank, and John Does (collectively "defendants") [D.E. 1-1]. On July 26, 2023, defendants removed the case to this federal court [D.E. 1]. On August 1, 2023, Equifax filed a notice of settlement with this court [D.E. 6]. On August 2, 2023, TransUnion Data and TransUnion moved to dismiss McDaniel's complaint for failure to state a claim upon which relief can be granted. See [D.E. 14] 33. The same day, Green Dot and Green Dot Bank moved to dismiss McDaniel's complaint for failure to state a claim [D.E. 15] and filed a memorandum in support [D.E. 15-1] with numerous exhibits. On August 3, 2023, WebBank and Fingerhut moved to dismiss McDaniel's complaint for failure to state a claim [D.E. 21] and filed a memorandum in support [D.E. 21-1] with numerous exhibits. On August 4, 2023, Green Dot and Green Dot Bank moved to amend their motion to dismiss to correct citations and dates of related

cases cited in the exhibits. See [D.E. 23] 1–2. On August 10, 2023, McDaniel moved for leave to amend her original complaint to comply with federal pleading standards [D.E. 26]. On August 15, 2023, McDaniel filed a second motion for leave to amend her original complaint [D.E. 27]. On August 23, 2023, Experian Data and Experian Services moved to dismiss McDaniel's complaint for failure to state a claim upon which relief can be granted [D.E. 30] and filed memorandum in support [D.E. 31].

On August 28, 2023, Experian Data and Experian Services responded in opposition to McDaniel's motion to amend her complaint [D.E. 33]. On September 11, 2023, McDaniel moved for extension of time to respond to Experian's motion to dismiss [D.E. 34]. On the same day, McDaniel moved to strike a portion of defendants' filing concerning a gatekeeping order and requested oral argument [D.E. 35]. On the same day, McDaniel also responded in opposition to Experian, Green Dot, WebBank, and Fingerhut's motions to dismiss [D.E. 36, 37, 38]. On September 14, 2023, McDaniel filed a notice of voluntary dismissal as to Equifax [D.E. 39]. On September 21, 2023, WebBank and Fingerhut replied regarding their motion to dismiss [D.E. 40]. On September 22, 2023, Green Dot and Green Dot Bank replied regarding their motion to dismiss [D.E. 41].

On September 26, 2023, Experian Data and Experian Services filed a notice of supplemental authority in support of their motion to dismiss [D.E. 42]. On October 2, 2023, Experian Data, Experian Services, Green Dot, and Green Dot Bank responded in opposition to McDaniel's motion to strike [D.E. 43, 44]. On October 16, 20, and 24, 2023, McDaniel filed affidavits in support of her motion to strike and motion for extension of time [D.E. 45, 46, 47]. On December 8, 2023, TransUnion joined Experian's motion to dismiss McDaniel's complaint. See [D.E. 50] 1; Fed. R. Civ. P. 12(b)(6), 12(c). As explained below, the court denies McDaniel's motions to amend, denies

2

McDaniel's motion to strike, grants Green Dot's motion to amend its pleading, grants defendants' motions to dismiss, and dismisses with prejudice McDaniel's claims against the moving defendants. Bluestem has not been served. See Fed. R. Civ. P. 4(m). McDaniel is ordered to show cause within 14 days of the date of entry of this order why the court should not dismiss her claims against Bluestem. See id.

I.

McDaniel is a notorious pro se litigant. The United States District Court for the Western District of North Carolina has imposed a pre-screening review system for her filings. See, e.g., McDaniel v. Green Dot Corp., No. 3:23-CV-21, 2023 WL 2254581, at *1 & n.1 (W.D.N.C. Feb. 27, 2023) (unpublished), aff'd, No. 23-1125, No. 23-1218, 2023 WL 5625142 (4th Cir. Aug. 21, 2023) (per curiam) (unpublished). On November 26, 2015, McDaniel applied for and recieved Fingerhut's FreshStart Installment Loan. See id. at ¶ 14a. McDaniel made purchases and payments. See id. at ¶ 14b. On February 25, 2015, she opened a traditional credit account with Fingerhut. See id. at ¶ 14c. On June 21, 2016, McDaniel purchased a cookware set from Fingerhut for $202.98. See id. at ¶ 14f. Unsatisfied with the quality, McDaniel requested a return label and refund. See id. at ¶ 14g. Fingerhut refused. See id. at ¶ 14c. On February 3, 2017, after McDaniel filed a customer service complaint, Fingerhut provided a return label. See id. at ¶¶ 14g–14j. On February 10, 2017, the cookware set return was complete. See id. at ¶ 14k. Later that month, Fingerhut still had not issued McDaniel a refund, and McDaniel escalated her customer service complaint. See id. at ¶¶ 14i–14m. On April 26, 2017, Fingerhut told McDaniel "[t]he item was disposed of and no credit would be issued." Id. at ¶ 14n. In 2021, Fingerhut reported the account as bad debt to credit bureaus. See id. at ¶ 14q. When McDaniel continued to dispute the accounts, Fingerhut told McDaniel that it had reported correctly and would not alter the information. See id. at ¶ 14s.

3

On October 11, 2018, McDaniel opened a $200 credit card account with Green Dot. See Compl. [D.E. 1-1] ¶ 13a. When she received the card, she read the terms and conditions. See id. at ¶ 13b. Disagreeing with the terms, she cut up the card. See id. On January 28, 2019, Green Dot closed the account. See id. at ¶ 13d. On February 4, 2019, Green Dot informed McDaniel that the account was closed but had an outstanding $288.28 balance. See id. McDaniel alleges that she never used or activated the credit card. See id. at ¶ 13c. McDaniel disputed the balance. See id. at ¶ 13e. In 2021, Green Dot adjusted the balance to $88.00. See id. McDaniel alleges that Green Dot reported this account as bad debt to Equifax, Experian, and TransUnion. See id. at ¶ 13h.

McDaniel's claims arise from those personal credit accounts, purchases that McDaniel made with those credit accounts, and the reporting of disputed past due account balances on those accounts to credit reporting agencies. See id. at ¶¶ 13–16. In her first claim, McDaniel alleges violations of 15 U.S.C. §§ 1681 et seq. (Fair Credit Reporting Act or "FCRA") against all defendants. See id. at ¶¶ 17–19. In her second claim, McDaniel alleges negligence and gross negligence against all defendants. See id. at ¶¶ 20–30.

II.

To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of

4

Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166; Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

All defendants, except Bluestem, move to dismiss McDaniel's complaint. See [D.E. 14, 15, 21, 23, 30, 50]. Green Dot and Green Dot Bank move to dismiss the complaint: (1) for failure to state a claim; (2) for improper venue; (3) because the complaint is an improper attempt to circumvent the Western District of North Carolina's screening orders and North Carolina state courts's gatekeeping orders; (4) because the complaint is barred by Federal Rule of Civil Procedure 41(a) and the doctrine of res judicata; (5) because McDaniel makes no allegation that Green Dot received notice of a dispute from a credit reporting agency ("CRA"); (6) because the FCRA preempts the negligence and gross negligence claims; and (7) because there is no separate duty apart from the

5

FCRA. See [D.E. 15] 1–2. WebBank and Fingerhut also move to dismiss the complaint based on res judicata and Rule 41(a)(1)(B). See [D.E. 21-1] 4–5. Experian Data and Experian Services move to dismiss the complaint for failure to plausibly allege a FCRA claim and because the negligence and gross negligence claims are pre-empted. See [D.E. 31]. TransUnion's answer included a request for dismissal for failure to state a claim upon which relief can be granted, and TransUnion joins in Experian's arguments supporting this conclusion. See [D.E. 14] 33; [D.E. 50]. McDaniel moves to strike any mention of the gatekeeping orders or her litigation history contained in defendants' motions to dismiss. See [D.E. 35].

A.

A voluntary dismissal by notice or stipulation is ordinarily without prejudice; however, the court has discretion to order dismissal with prejudice if a subsequent suit against the defendant would be oppressive. See Fed. R. Civ. P. 41(a)(1)(B); American Cyanamid Co. v. McGhee, 317 F.2d 295, 298 (5th Cir. 1963). Under the "two-dismissal" rule, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Id. The two-dismissal rule applies "where the entire action has been dismissed against a defendant." Merz N. Am., Inc. v. Cytophil, Inc., No. 5:15-CV-262, 2017 WL 1194457, at *2 (E.D.N.C. Feb. 16, 2017) (unpublished) (emphasis added), report and recommendation adopted, No. 5:15-CV-262, 2017 WL 1187671 (E.D.N.C. Mar. 30, 2017) (unpublished); 9 Arthur R. Miller, Federal Practice and Procedure § 2368 (3d ed. 2016). The two-dismissal rule does not apply to dismissals by stipulation, involuntary dismissals, or Rule 41(a)(2) dismissals. Miller, supra, at § 2368.

Federal common law determines the "preclusive effect of a federal-court judgment." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Under the doctrine of res judicata, or claim preclusion, "[a]

6

final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004); Parks v. Petsmart, No. 5:13-CV-777, 2014 WL 11996387, at *2 (E.D.N.C. Feb. 12, 2014) (unpublished), aff'd, 577 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished). "[T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). The party invoking claim preclusion must prove: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991); see U.S. ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 912 (4th Cir. 2013); Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013); Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Claim preclusion "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979), superseded on other grounds by statute, Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2682 (1978); see Pueschel, 369 F.3d at 354.

When a subsequent action does not raise an identical claim as a past action, courts apply a transactional approach to res judicata determinations. See Meekins, 946 F.2d at 1058. "[T]he appropriate inquiry is whether the new claim arises out of the same transaction or series of

7

transactions as the claim resolved by the prior judgment." Id. Even if a plaintiff raises a new cause of action or new legal theory of liability in the second action, if the case is still based on the same transaction or occurrence as the first action, then the two-dismissal rule bars the action. See Jian Yang Lin v. Shanghai City Corp., 950 F.3d 46, 50 (2d Cir. 2020); Ron Rascoe v. APM Terminals Va., Inc., No. 2:12CV352, 2013 WL 1332134, at *4 (E.D. Va. Mar. 29, 2013) (unpublished).

McDaniel previously sued WebBank and Fingerhut. McDaniel filed an action in Mecklenburg County District Court against WebBank and Fingerhut for breach of contract, negligence, gross negligence, and negligence per se. See [D.E. 21-4] 1, 4–9. She also filed an action in the United States District Court for the Western District of North Carolina for FCRA violations and gross and vicarious negligence. See [D.E. 21-6] 10–11. McDaniel voluntarily dismissed both actions. See [D.E. 21-5] 1; [D.E. 21-7] 1. McDaniel attempted to refile the action in the Western District of North Carolina, but the court dismissed the complaint without prejudice at the screening stage for failure to pay filing fees. See [D.E. 21-8–21-11]. Although Fingerhut was not directly noticed by the second voluntary dismissal, Rule 41 applies to defendants in privity with the named defendants. See Manning, 914 F.3d at 48. WebBank issued the Fingerhut accounts in question. See [D.E. 21-1] 2. Fingerhut is an eCommerce brand and tradename of WebBank. See id. Thus, the two named defendants are in privity. See Manning, 914 F.3d at 48. Accordingly, the court dismisses McDaniel's complaint against WebBank and Fingerhut.

McDaniel previously sued Green Dot and Green Dot Bank. McDaniel filed an action in Mecklenburg County District Court against Green Dot and Green Dot Bank for breach of contract, negligence, and gross negligence. See [D.E. 23-1] 2–4. She also filed an action in the United States District Court for the Western District of North Carolina for FCRA violations and gross and vicarious negligence. See [D.E. 15-7] 11–12. McDaniel voluntarily dismissed both actions. See

8

[D.E. 23-2] 2; [D.E. 15-5] 3. While McDaniel only raised the FCRA claims in the federal action, the factual allegations against Green Dot and Green Dot Bank in both previous actions are identical. See [D.E. 23-1] 2–13; [D.E. 15-4] 2–12; Meekins, 946 F.2d at 1058. In opposition, McDaniel argues that she predicated her second voluntary dismissal on the court denying her in forma pauperis ("IFP") motion, and the court would have dismissed her suit without prejudice for failing to pay the filing fee. See [D.E. 37] 13.

The court rejects McDaniel's argument. McDaniel voluntarily dismissed the second action. Accordingly, McDaniel's second voluntary dismissal functions as a dismissal with prejudice, regardless of orders concerning her IFP status. See Fed. R. Civ. P. 41(a)(1)(B). Thus, the court dismisses McDaniel's complaint against Green Dot and Green Dot Bank.

B.

As for McDaniel's FCRA claims against the remaining CRA defendants, the court construes McDaniel's pro se allegations as violations of 15 U.S.C. §§ 1681i, 1681e(b), and 1681g. To state a claim under sections 1681i and 1681e(b), McDaniel must plausibly allege facts showing an inaccuracy in the credit reporting, and "the presentation of legal defenses to payment will not suffice." Perry v. Toyota Motor Credit Corp., No. 1:18CV34, 2019 WL332813, at *5 (W.D. Va. Jan. 25, 2019) (unpublished); see Spitzer v. Trans Union LLC, 140 F. Supp. 2d 562, 565 (E.D.N.C. 2000), aff'd, 3 F. App'x 54 (4th Cir. 2001) (unpublished); Letren v. Trans Union, ZIC, No. CV 15-3361, 2017 WL 445237, at *7 (D. Md. Feb. 2, 2017) (unpublished); Dawkins v. Experian Info. Sols., Inc., No. 622CV00774, 2022 WL 17668425, at *7 (D.S.C. Oct. 19, 2022) (unpublished), report and recommendation adopted, No. 6:22-CV-774, 2022 WL 17351761 (D.S.C. Dec. 1, 2022) (unpublished); Denton v. JP Morgan Chase & Co., No. 4:79-CV-114, 2020 WL 5909153, at *12 n.22 (E.D. Va. Oct. 6, 2020) (unpublished); Alston v. Equifax Info. Servs., LLC, No. 13-cv-1230,

9

2016 WL 5231708, at *10 (D. Md. Sept. 21, 2016) (unpublished). "The FCRA aims to prevent inaccurate credit reporting; it is not a route for debtors to challenge the validity of underlying debts." Perry, 2019 WL 332813, at *5. "[R]einvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debt." Carvalho v. Equifax Info. Servs., LLC, 629 F3d 876, 892 (9th Cir. 2010); DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008).

McDaniel disputes the legal validity of her debts reflected in the accounts. See Compl. ¶¶ 10–19. McDaniel, however, fails to plausibly allege that the CRAs reported any factually incorrect information as communicated to them concerning the underlying debts. Furthermore, McDaniel fails to plausibly allege a violation under section 1681g. See 15 U.S.C. § 1681g. Rather, McDaniel alleges that the CRAs failed to provide full disclosure, but she provides no specific information concerning what information the CRAs denied her or failed to provide. See Compl. ¶ 16. Thus, McDaniel fails to state a claim for relief under the FCRA. See Dawkins, 2022 WL 17668425, at *5, report and recommendation adopted, 2022 WL 17351761 (unpublished); Scott v. Equifax Inc., No, 2:20-CY-2516, 2021 WL 7209985, at * 3 (D. Kan. Apr. 21, 2021) (unpublished). Accordingly, the court dismisses the remaining FCRA claims against the remaining CRA defendants.

C.

Under 15 U.S.C. § 1681h(e):

[N]o consumer may bring any action [for] . . . negligence with respect to the reporting of information against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Section 1681h(e) requires a "two-step inquiry." Ross v. Fed. Deposit Ins. Corp., 625 F.3d 808, 814 (4th Cir. 2010). A court first asks "whether the claim falls within the scope of § 1681h(e)" and

10

second asks "whether the 'malice or willful intent to injure' exception to the general bar against state law actions applies." Id. At the first step, the preemption provision applies when a consumer has sued "any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." Rogers v. Keffer, Inc., 243 F. Supp. 3d 650, 658–59 (E.D.N.C. 2017).

As for McDaniel's negligence and gross negligence claims, section 1681h(e) preempts McDaniel's claims against the CRAs for negligence and gross negligence because the claims arise out of McDaniel's allegations of FCRA violations. See id. Furthermore, the complaint fails to plausibly allege acts or omissions that constitute malicious or willful violations. See 15 U.S.C. § 1681h(e). Accordingly, the court dismisses McDaniel's negligence and gross negligence claims.

As for McDaniel's motion to strike references to gatekeeping orders, the court denies the motion as moot because the court resolves the claims in this action on other grounds.

As for McDaniel's motion for leave to amend her complaint, further amendment of these claims would be both prejudicial and futile. See, e.g., Equal Rights Cntr. v. Niles Bolton Associates, 602 F.3d 597, 603 (4th Cir. 2010). Repeatedly litigating the same series of transactions would be prejudicial to the named defendants in this action, and McDaniel's filings in this action provide no reasonable basis for the court to expect McDaniel to present a non-futile claim. The factual basis for her claims rests on the disputed legal validity of the charges on her credit accounts, and McDaniel does not plausibly allege factual inaccuracy or failure to investigate. On those facts, McDaniel cannot plausibly allege FCRA or negligence liability against these defendants.

11

III.

When defendant is not served within 90 days of the complaint's filing, the court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, however, the court must appropriately extend the time for service. See id.

McDaniel failed to serve Bluestem. McDaniel knows Bluestem is defunct. See [D.E. 21-1] 3; [D.E. 38] 13. McDaniel has 14 days from the entry of this order to show cause as to why the court should not dismiss her claims against Bluestem. See Fed. R. Civ. P. 4(m).

IV.

In sum, the court DENIES plaintiff's motions to amend the complaint [D.E. 26, 27], GRANTS defendants Green Dot and Green Dot Bank's motion to amend its pleading [D.E. 23], DENIES as moot plaintiff's motion for extension of time to file [D.E. 34] a response and motion to strike [D.E. 35], GRANTS defendants' motions to dismiss the complaint [D.E. 14, 15, 21, 23, 30, 50], and DISMISSES WITH PREJUDICE plaintiff's claims against the moving defendants. Plaintiff SHALL SHOW CAUSE within 14 days from entry of this order as to why the court should not dismiss her claims against Bluestem.

SO ORDERED. This 9 day of January, 2024.

JAMES C. DEVER III
United States District Judge