IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-406-D

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| GREEN DOT COPRATION, et al., ) | |
| ) | |
| Defendants. ) | |

On June 1, 2023, Tigress McDaniel ("McDaniel" or "plaintiff") filed a complaint in Wake County Superior Court against Green Dot Corporation ("Green Dot"), Green Dot Bank, Fingerhut, Bluestem Sales, Inc. ("Bluestem"), Experian Data Corp. ("Experian Data"), Experian Services Corp. ("Experian Services"), TransUnion Data Solutions LLC ("TransUnion Data"), TransUnion LLC ("TransUnion"), Equifax Information Services ("Equifax"), WebBank, and John Does (collectively "defendants") [D.E. 1-1]. On July 26, 2023, defendants removed the action to this court [D.E. 1]. On August 1, 2023, Equifax filed a notice of settlement with this court [D.E. 6]. On August 2, 2023, TransUnion Data and TransUnion answered McDaniel's complaint and moved to dismiss [D.E. 14]. That same day, Green Dot and Green Dot Bank moved to dismiss McDaniel's complaint [D.E. 15] and filed a memorandum in support [D.E. 15-1]. On August 3, 2023, WebBank and Fingerhut moved to dismiss McDaniel's complaint [D.E. 21] and filed a memorandum in support [D.E. 21-1]. On August 4, 2023, Green Dot and Green Dot Bank moved to amend their motion to dismiss [D.E. 23].

On August 10, 2023, McDaniel moved for leave to amend her complaint [D.E. 26]. On August 15, 2023, McDaniel filed a second motion for leave to amend her complaint [D.E. 27]. On

August 23, 2023, Experian Data and Experian Services moved to dismiss McDaniel's complaint [D.E. 30] and filed memorandum in support [D.E. 31].

On August 28, 2023, Experian Data and Experian Services responded in opposition to McDaniel's motion to amend her complaint [D.E. 33]. On September 11, 2023, McDaniel moved for extension of time to respond to Experian's motion to dismiss [D.E. 34]. That same day, McDaniel moved to strike a portion of defendants' filing concerning a gatekeeping order and requested oral argument [D.E. 35]. That same day, McDaniel responded in opposition to Experian, Green Dot, WebBank, and Fingerhut's motions to dismiss [D.E. 36, 37, 38]. On September 14, 2023, McDaniel filed a notice of voluntary dismissal concerning Equifax [D.E. 39]. On September 21, 2023, WebBank and Fingerhut replied regarding their motion to dismiss [D.E. 40]. On September 22, 2023, Green Dot and Green Dot Bank replied regarding their motion to dismiss [D.E. 41].

On January 9, 2024, the court denied McDaniel's motion to amend the complaint, granted GreenDot's motion to amend, denied as moot McDaniel's motion for extension of time to file a response and motion to strike, granted defendants' motions to dismiss the complaint, and dismissed with prejudice McDaniel's claims against the moving defendants [D.E. 51]. The court also ordered McDaniel to show cause why the court should not dismiss her claims against Bluestem. See id. On January 25, 2024, McDaniel filed a response [D.E. 52] and a notice of interlocutory appeal [D.E. 53]. On March 18, 2024, McDaniel filed a motion to recuse [D.E. 58] and a memorandum in support [D.E. 59]. On May 24, 2024, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction [D.E. 61, 62]. On June 17, 2024, the mandate issued [D.E. 63].

2

McDaniel is a notorious pro se litigant. The United States District Court for the Western District of North Carolina has imposed a pre-screening review system for her filings. See, e.g., McDaniel v. Green Dot Corp., No. 3:23-CV-21, 2023 WL 2254581, at *1 & n.1 (W.D.N.C. Feb. 27, 2023) (unpublished), aff'd, Nos. 23-1135, 23-1218, 2023 WL 5625142 (4th Cir. Aug. 21, 2023) (per curiam) (unpublished).

"Judicial recusals are governed by a framework of interlocking statutes." Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. § 455(b), a judge must recuse where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In Liteky v. United States, 510 U.S. 540 (1994), "the Court confronted a situation where defendants moved to disqualify the district judge in their criminal trial based on his comments and actions as the judge in a prior trial involving one of the same defendants." Belue, 640 F.3d at 572. In holding that the judge did not have to recuse, the Court concluded that sections 455(a) and 455(b)(1) carry an "extrajudicial source" limitation, meaning bias or prejudice must generally stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. Liteky, 510 U.S. at 545. Put differently, the bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n.1 (quotation omitted); see Belue, 640 F.3d at 572–73; Bartko v. Wheeler, No. 5:14-CT-3043, 2014 WL 3563359, at *6 (E.D.N.C. July 18, 2014) (unpublished). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at

574. "[O]pinions held by judges as a result of what they learned in earlier proceedings" are not ordinarily grounds for recusal. Liteky, 510 U.S. at 551.

McDaniel's motion to recuse arises from this court's orders in this case and in other cases that McDaniel lost. Furthermore, this court's knowledge of McDaniel's litigation history stems from judicial proceedings that McDaniel initiated. Accordingly, the court denies as meritless McDaniel's motion to recuse.

In sum, the court DENIES plaintiff's motion to recuse [D.E. 58].

SO ORDERED. This 14 day of October, 2024.

JAMES C. DEVER III
United States District Judge